Case 05-21621 Filed 06/13/05 Doc 42

(6)

POSTED ON WEB SITE

FILED
JUN 13 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: LAWRENCE C. OBERG and BARBARA C. OBERG, Debtors. | Case No. 05-21621-B-13J<br>Docket Control No. ARP-1<br>Date: June 7, 2005<br>Time: 1:30 p.m.<br>Department B |

**MEMORANDUM DECISION**

I. INTRODUCTION

The Debtors filed this voluntary chapter 7 case on February 16, 2005. Prem N. Dhawan (the "Former Trustee") was appointed as the chapter 7 trustee herein. Less than three weeks later, on March 8, 2005, the Debtors converted their case to chapter 13. The Former Trustee seeks approval of an administrative claim for his fees incurred in connection with this case and those of Hughes & Pritchard, LLP ("Counsel"), attorneys who advised him in this matter. This claim consists of $1,800 in fees for the Former Trustee and $1,284.50 for Counsel. The Debtors object to these fees as unreasonable.

II. BACKGROUND TO THE FEE REQUEST

The facts in this case exhibit the tension between a trustee's statutory duties and the practical difficulties that may arise when a chapter 7 debtor has a "mom and pop" business. Prior to filing, the Debtors had operated a Swanson's dry cleaning franchise for over ten years. They did not perform the actual dry cleaning, but rather provided a drop-off location for customers to obtain dry cleaning services. The items to be cleaned were sent to a central off-site location owned by the franchisor. Due to the nature of



their business, the Debtors did not own any dry cleaning equipment. The Debtors planned to continue this business after their bankruptcy filing.

The Debtors scheduled the Swanson's franchise as having no value because the franchise agreement was expressly non-transferable. The equipment scheduled for the business was valued at $507, consisting primarily of miscellaneous furniture and office equipment. Finally, the Debtors scheduled inventory consisting of dry cleaning items expected to be claimed by customers. All items used or related to the business were scheduled as exempt in Schedule C. The Debtors' Schedules I and J showed that the Debtors netted approximately $100 each month from operation of the franchise and an additional $500 from alterations they performed for customers of the business.

Immediately after filing, the Debtors filed a motion to have the Former Trustee abandon the business as "burdensome" to the estate and of "inconsequential value." In addition to having exempted the tangible assets of the business, the Debtors contended in their motion that the business had no equity because the franchise was non-transferable. According to the record, the Debtors' counsel discussed these facts or contentions with the Former Trustee on two or three occasions, which is confirmed by the Former Trustee's time sheets.

In response, the Trustee demanded that the Debtors provide extensive documentation, including all bank account information with copies of all checks received and issued, tax returns, the general ledger, insurance policies and other information. Further, the Former Trustee demanded that he be named as an additional

insured on the insurance policies for the business. The Debtors provided only copies of their lease for the business premises and the franchise agreement.

According to the Debtors' counsel, the Former Trustee demanded that the estate receive compensation for the business. The Debtors refused to pay anything for the business based on the advice of a business broker, who said the business was not saleable. As the hearing on the motion to abandon approached, the Former Trustee requested additional time to assess the value of the business and demanded that he be placed on the insurance policies. The discussions reached an impasse when the Debtors learned that naming the Former Trustee as an additional insured would cost $5,000. Due to his concerns about the Debtors' continued operation of the business, the Former Trustee advised the Debtors that he would shut down the business. As an alternative to losing their business, the Debtors converted their case to chapter 13.

Prior to conversion of this case to chapter 13, the Former Trustee sought advice from Counsel. However, the Former Trustee did not have sufficient time to obtain court approval for Counsel's appointment. The two attorneys working on this case incurred a combined total of $1,012.50 in fees prior to the conversion.

The Debtors promptly obtained confirmation of their chapter 13 plan, which proposes monthly payments of $100 each for 36 months. The unsecured creditors will receive a 1% dividend. The Statement of Investigation filed on April 29, 2005 by the chapter 13 trustee finds that the Debtors fully cooperated by provided all documentation requested. Further, the chapter 13 trustee agreed with the Debtors' assessment that the business had minimal value.

III. DISCUSSION

This court follows the holding in In re Hages, 252 B.R. 792 (Bankr. N.D.Cal. 2000), which permits a chapter 7 trustee in a case converted to chapter 13 to calculate the statutory maximum fee based on imputed payments under the chapter 13 plan. Id. at 792-93. While referencing the Hages decision and the statutory cap under section 326(a), the Former Trustee has not provided any calculation of his maximum fee. According to the Debtors plan, the maximum fee would be $900 based on total distributions of $3,600. The Former Trustee seeks twice this amount.

As discussed above, the Former Trustee did not have time to obtain approval of Counsel due to the prompt conversion of this case to chapter 13. During the two weeks Counsel was involved, two attorneys were involved in this matter. It appears from the time sheets that the Former Trustee contacted the first attorney, Mr. Hughes, who turned the file over to the second attorney, Ms. Pritchard. While the individual attorneys' time and rates may appear reasonable, the creditors should not have to bear the expense of having two attorneys work on what is essentially a "no asset" case.

IV. CONCLUSION

In his motion, the Former Trustee states that "it was his persistence in pursuing turnover of assets, that caused the Debtors to convert to a chapter 13 case." The court cannot agree. Here, the Debtors fully disclosed the existence of their marginal business, which could not be sold. While both the Former Trustee and the Debtors were placed in a difficult position by the post-petition operation of this business, the Debtors moved promptly to

have the business removed from the bankruptcy estate. A review of the franchise agreement confirms that the business is non-transferrable, a fact that neither the Former Trustee nor Counsel disputes. The Former Trustee could have easily confirmed that the business assets had marginal value, particularly in light of the fact that they had been fully exempted. Instead, the delay in reaching this conclusion led to the chapter 13 conversion.

The court does not fault the Former Trustee for his diligence or his concern about the continued business operations. On the other hand, the minuscule return to unsecured creditors in this chapter 13 case would be fully eroded by the requested administrative claim. With the benefit of hindsight, this truly is a no-asset case. The court will allow the Former Trustee and Counsel a combined administrative expense claim of $500, which should more than adequately compensate them for their preliminary investigation of this case.

The court will enter a separate order consistent with this decision.

Dated: June 13, 2005

                                                          JANE DICKSON McKEAG
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

LAWRENCE C. OBERG and BARBARA C. OBERG,

Debtors.

Case No. 05-21621-B-13J

Docket Control No. ARP-1

**Certificate of Service**

I certify that on 6/15/05, a copy of the foregoing **MEMORANDUM DECISION & ORDER** was mailed to the following:

Jan Johnson
PO Box 1708
Sacramento, CA 95812

Diana Cavanaugh
1555 River Park Dr #206
Sacramento, CA 95815

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Prem N. Dhawan
PO Box 965
Benicia, CA 94510

Amelia Ryan Pritchard
Hughes & Pritchard
980 9th St., Ste. 1600
Sacramento, CA 95814

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: Melissa McIntosh
Deputy Clerk